28  173
33  560

JACK COLEMAN v. THE STATE.

*No. 3277.   Decided November 6.*

**Unlawfully Carrying a Pistol—Fact Case.**—The evidence clearly establishing in favor of the accused one of the exceptions to the statute denouncing the offense of unlawfully carrying a pistol, it is insufficient to support a conviction therefor.   See the statement of the case.

APPEAL from the County Court of Tarrant.   Tried below before Hon. W. D. Harris, County Judge.

The conviction was for unlawfully carrying a pistol, and the penalty assessed by the verdict was a fine of $25 and twenty days in jail.

The State proved by its witness Pat Stevens, a policeman, that he arrested defendant in the city of Fort Worth, on November 17, 1888, and on his person found a 45-calibre Colt's pistol.

Dick Burnes was the first witness for the defense.   He testified that he was employed as porter in a saloon on Main Street, in Fort Worth.   He usually went on duty at 8 o'clock at night.   At about half past 7 o'clock on the night of November 17, 1888, the defendant came by the saloon, and witness walked with him down Main Street until they reached the corner of Eighth Street.   At that point Davis, colored, rushed upon and struck or struck at defendant, exclaiming, "Damn you! you insulted my wife."   Defendant fled, pursued by Davis.   Witness, picking up defendant's hat which fell from his head, returned to the saloon, and did not see the defendant again that night.   Davis was a larger and heavier man than defendant.

Lon Gaines testified for the defense that while standing on Main Street, near the corner of Eighth Street, early on the night of November 17, 1888, he observed defendant and Dick Burnes walking together along Main Street.   Soon afterwards he saw the defendant, bare headed, in flight, with Davis, armed with a club, pursuing him.   Davis said something like "Damn you, I will kill you!"

Will Arnold testified for the defense that he saw defendant and Dick Burnes when they left the saloon, going down Main Street.   About twenty minutes later Burnes returned to the saloon with defendant's hat.   Within the next few minutes the witness went to Houston Street, on which street he met the defendant going toward Fifth Street.

C. E. Warren testified for the defense that he, Dave Nichols, and John Moore had a room over Lewis's grocery store, at the corner of Houston and Fifth streets.   The defendant was in their employ.   Between 8 and 9 o'clock on the night of November 17, 1888, the defendant, in a state of excitement, came to witness's room and borrowed a pistol from the witness.   He left almost immediately, and within the next twenty or thirty minutes returned with Charley Scott and Pat Stevens, who had him in

custody for carrying a pistol. Defendant's reputation for peace and quietude was good.

George Johnson testified for the defense that he was with defendant when he was arrested. Defendant and witness were then on their way home. Almost immediately upon defendant being taken into custody Davis arrived, and exclaimed, "Damn him! I will knock his head off." Officer Scott ordered Davis to let defendant alone, and then took defendant to Mr. Warren's room.

*B. G. Johnson*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

Willson, Judge.—We are of the opinion that the conviction in this case is not warranted by the evidence. We think the evidence shows that at the time the defendant carried the pistol he had reasonable ground for fearing an unlawful attack upon his person, and that the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack upon legal process. Defendant had already been violently assaulted by such party, and a continuance of such assault was threatened and imminent. It was in the night time, and the circumstances were such that the defendant could not obtain legal process for the arrest of the attacking party in time to protect himself from the threatened danger.

Our conclusion being that the evidence does not show a violation of the law by the defendant, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.